IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN R. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-855 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MARKET DISTRICT *and* | ) | |
| OSA GLOBILE PROTECTION, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE

On June 10, 2020, Alvin Simmons ("Plaintiff") filed a Motion for Leave to Proceed in Forma Pauperis, (Doc. 1), along with a Complaint (Doc. 1-1). Plaintiff's Motion was granted and his Complaint filed on June 12th, ("Complaint," Doc. 3).

After granting the right to proceed *in forma pauperis*, a court must review a plaintiff's allegations and dismiss his or her lawsuit if: (a) the allegation of poverty is untrue; (b) the action is frivolous; (c) the complaint fails to state a claim; or (d) the action seeks money damages from an immune defendant. 28 U.S.C. § 1915(e)(2); Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he provisions of § 1915(e) apply to all *in forma pauperis* complaints."). In performing this review, the court construes a *pro se* plaintiff's complaint liberally in favor of him or her. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

Additionally, federal courts are courts of limited jurisdiction, and this Court can exercise subject matter jurisdiction over this action only it presents a claim which arises "under the Constitution, law, or treaties of the United States," 28 U.S.C. § 1331, or if there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

1

As best the Court can discern, Plaintiff alleges that he was harassed and his civil rights were violated on a visit to a Giant Eagle Market District supermarket. (Id.) Specifically, it appears Plaintiff is alleging that the security at the supermarket stated they would "hit me to the ground" and "shoot him" in the face. (Id.) Plaintiff states that the store manager acted out of hate towards him. (Id.) He elaborates on these points in a standalone page at the end of the Complaint, stating that he has an (unspecified) medical condition and was made to feel unsafe by the Defendants while food shopping, including because there were violations of social distancing norms recommended due to the current public health crisis. (Id. at 6.) As for jurisdiction, Plaintiff did not indicate a basis for this Court to hear his case, and in fact drew a line through the section regarding diversity jurisdiction. (Id. at 3.)

The Court finds Plaintiff's substantive allegations are insufficient to establish jurisdiction.[1] Plaintiff's claims most clearly resonate in tort—a matter of state law. While Plaintiff invokes his "civil rights" and violations to his "health and life," he does not cite to any federal statute(s) or otherwise suggest there is a basis for jurisdiction[2] The Court finds these vague allegations fail to raise questions of federal law, and, therefore, cannot give rise to this Court's jurisdiction.[3] See Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) ("A claim

---

[1] While the Complaint is silent as to the citizenship of either Defendant, Plaintiff does identify a specific Market District store located in Pittsburgh, PA. Moreover, Plaintiff's action of striking through the section of the form complaint related to diversity jurisdiction is sufficient for the Court to conclude this is not the basis for jurisdiction. See In re Community Bank of N. Va. Mortg. Lending Practices Litig., 911 F.3d 666, 671–72 (3d Cir. 2018) ("The burden of demonstrating that a case falls within the jurisdiction of the federal court rests upon the party asserting jurisdiction.").

[2] Plaintiff cites no Constitutional provisions and neither Defendant is a state actor.

[3] The Court views Plaintiff's vague allegations through the lens of its experience with other, frivolous actions filed by him and dismissed as frivolous or for lack of jurisdiction. See, e.g., Simmons v. Allegheny Hosp. & Emergency Dep't, 2018 WL 5257617 (W.D. Pa. Oct. 22, 2018) (dismissing case for lack of subject matter jurisdiction); Simmons v. Allegheny Health Network Hosp., Civil No. 18-993, at Doc. 3 (W.D. Pa.) (same); see also Simmons v. Allegheny Hosp. &

invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'") (quoting Bell v. Hood, 327 U.S. 678, 682–83 (1946)).

As the allegations in Plaintiff's Complaint do not confer jurisdiction on this Court and amendment would be futile, the Court must dismiss this action pursuant to section 1915(e)(2) for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Compare Jones v. Mirza, 685 F. App'x 90, 92–93 (3d Cir. 2017) (dismissing appeal as frivolous where there was no diversity jurisdiction and factual allegations "make clear" that the plaintiff was asserting state and criminal claims against the defendants).

For the reasons set forth above, Plaintiff's Complaint (Doc. 3) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), as there is no basis for the Court to assert jurisdiction over the subject matter of this action.[4]  In light of this conclusion, the pending Motion to Dismiss, (Doc. 4), is **DENIED AS MOOT**.

IT IS SO ORDERED.

| | |
|---|---|
| August 6, 2020 | s\Cathy Bissoon_____<br>Cathy Bissoon<br>United States District Judge |

cc (via Electronic Filing):
Counsel of Record

cc (via First-Class U.S. Mail):
Alvin R. Simmons
4400 Centre Ave.
Pittsburgh, PA 15213

---

Emergency Dep't, 2018 WL 5257617, at *2 n.1 (Plaintiff has a "lengthy history of frivolous or unmeritorious litigation in this Court, including at least 21 civil actions filed in the Western District of Pennsylvania.").

[4] This dismissal is without prejudice to Plaintiff filing any claim in state court.